■ In the Matter of HANY S. BROLLESY, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [981 NYS2d 625]—

Per Curiam. Respondent was admitted to practice by this Court in 1995. He maintains an office for the practice of law in New Jersey where he was admitted in 1994.

Having granted an unopposed motion by petitioner for an order declaring that no issues are raised by the pleadings herein and having heard respondent in mitigation (*see* 22 NYCRR 806.5), we now find respondent guilty of professional misconduct as charged and specified in the petition. Respondent engaged in misleading and deceiving conduct, prejudicial to the administra-

tion of justice, that reflects adversely on his fitness as an attorney (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [c], [d], [h]). Specifically, respondent created a fraudulent document purporting to be from a government entity and provided it to his client in an effort to make it appear that he had obtained the approval of the client's visa application. He also provided false reports to the client attributing the delay in approval of the application to government bureaucracy, when, in fact, he had failed to file the necessary paperwork in a timely fashion.

In mitigation, respondent expresses regret for his misconduct and cites personal problems. However, as this Court has previously stated, "attorneys must attend to their clients' interests punctually and with vigor despite distracting and stressful intrusions from personal and family problems or advise their clients of their option to obtain other counsel" (*Matter of Tang*, 21 AD3d 1210, 1211 [2005], *appeal dismissed* 6 NY3d 750 [2005]).

We conclude that, to protect the public, deter similar misconduct and preserve the reputation of the bar, respondent should be suspended from the practice of law for a period of one year.

Lahtinen, J.P., Stein, McCarthy and Garry, JJ., concur. Ordered that respondent is found guilty of professional misconduct as charged and specified in the petition; and it is further ordered that respondent is suspended from the practice of law for a period of one year, effective immediately, and until further order of this Court; and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form either as principal or agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).